United States District Court
Middle District of Florida
Jacksonville Division

CASE NO:   3:19-cv-609-J-39JBT

JENNIFER FALL and JENNIFER FALL,
as natural parent and guardian of
D.F., a minor,

    Plaintiffs,
v.

KAREN CURRAN,

    Defendant.
_____/

### AMENDED PETITION TO APPROVE SETTLEMENT OF MINOR CHILD'S CLAIMS

Plaintiff, JENNIFER FALL, as the natural parent and guardian of minor child, D.F., petitions this Honorable Court to approve a proposed settlement agreement for the minor child, and in support thereof, would show:

1. This is an action for damages arising from a motor vehicle collision that occurred on October 24, 2018 in Duval County, Florida.

2. Trial in this matter is currently scheduled to begin on February 1, 2021.

3. At the time of the crash, minor child, D.F., was riding as a passenger in a vehicle driven by his mother, Jennifer Fall.

4. On October 26, 2018, Plaintiff, Jennifer Fall retained the Law Offices of Ronald E. Sholes, P.A. to represent herself and minor child, D.F., for injuries sustained in the crash. Said contracts illustrate an attorney's fee of forty percent of the settlement proceeds. Plaintiff's counsel has incurred costs of $2,617.62 to date. (Ex. A, Jennifer Fall's Attorney Contract; Ex. B, Plaintiff, D.F.'s Attorney Contract (redacted); Ex. C, Costs List).

5. On January 16, 2019, Plaintiff, Jennifer Fall, individually, and as natural parent and guardian of D.F., filed the original Complaint in the Circuit Court of the Fourth Judicial Circuit of Duval County, Florida.

6. Plaintiff's Complaint alleges Defendant, Karen Curran owed a duty to Plaintiffs to operate her vehicle in a careful manner and she breached that duty when she collided with Plaintiffs' vehicle. As a result of Defendant's negligence, minor child, D.F., sustained injuries to his low back and neck. (Ex. D, Complaint)(redacted).

7. Minor child, D.F., completed a course of chiropractic treatment for approximately three months following the collision. The total charge for this treatment is approximately $13,096.03 before adjustments.

8. Defendant raised the affirmative defenses of Comparative Negligence, Collateral Source, and Florida's No-Fault Statute. (Ex. E, Answer)(redacted).

9. On October 7, 2020, Plaintiffs sent a Proposal for Settlement ("PFS") to Defendant for twenty-five thousand dollar ($25,000). (Ex. F, Proposal for Settlement). This PFS applies only to D.F.'s claim against Defendant.

10. Jennifer Fall, the natural parent of minor child, D.F., shared an interest in maximizing D.F.'s settlement amount and had an active role in deciding the dollar amount of the PFS.

11. On November 5, 2020, Defendant accepted the PFS. (Ex. G, Defendant's Notice of Acceptance of Proposal of Settlement on Claim of D.F., A Minor).

12. After payment of fees and costs, minor child, D.F., will have a net settlement amount of $12,382.38 remaining.

13. <u>Appointment of Guardian:</u> Pursuant to Florida Statutes, Section 744.387, if the total net amount realized by the minor child is in excess of fifteen thousand dollars ($15,000.00), a legal guardianship is required under Florida law.

14. In the case at bar, the net amount realized by the minor will be less than $15,000.00. Therefore, no guardianship is required.

15. <u>Appointment of Guardian Ad Litem:</u> Pursuant to Florida Statutes, Section 744.3025, if the total gross settlement amount equals or exceeds $50,000.00, the Court shall appoint a guardian *ad litem* (hereafter "G.A.L.") before approving a minor's settlement.

16. In the case at bar, the total gross settlement amount will be less than $50,000.00. Therefore, no G.A.L. is required.

17. As the natural parent and guardian of the minor child, the Petitioner requests the funds be disbursed for the benefit of the minor child.

## **MEMORANDUM OF LAW**

Florida Statutes Section 744.387 states, "the natural guardians or guardian of a minor may settle any claim by or on behalf of a minor that does not exceed $15,000 without a bond. A legal guardianship shall be required when the amount of the net settlement to the ward exceeds $15,000." Additionally, Florida Statutes Section 744.3025 states, "the court shall appoint a guardian ad litem to represent a minor's interest before approving a settlement of the minor's claim in a case in which the gross settlement involving a minor exceeds $50,000."

Settlements of a minor child's claim must be in the best interest of the child. *Meyers v. U.S.*, 2014 WL 5038585, at *4 (M.D. Fla. 2014) (citing *Bullard v. Sharp*, 407 So. 2d 1023, 1023 (Fla. 4th DCA 1981). "In determining whether to approve a proposed settlement, the cardinal

rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1028-29 (11th Cir. 1991) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). "When the remedy that is jointly proposed by these parties is within reasonable bounds and is not illegal, unconstitutional, or against public policy, the courts should give it a chance to work." *U.S. v. City of Miami*, 614 F.2d 1322, 1333 (5th Cir. 1980). "Settlements are void against public policy, however, only if they directly contravene a state or federal statute or policy." *In re Smith*, 926 F.2d at 1029.

## ANALYSIS

Prior to serving this PFS, mediation was unsuccessful and the parties were preparing for the currently scheduled trial on February 1, 2020. Jennifer Fall, the natural parent and guardian of D.F., communicated with the undersigned and had an active role in deciding the settlement amount proposed to Defendant. *See Meyers*, 2014 WL 5038585, at *4 ("The settlement was negotiated by attorneys hired by JWM's parents, who share his interest in maximizing the settlement amount"). The Plaintiff served the PFS as a good faith attempt to settle D.F.'s claims prior to the currently scheduled trial.

Plaintiffs request the settlement proceeds be distributed for the benefit of D.F. and to bring resolution to his claims. Jennifer Fall, as natural parent and guardian of D.F., agrees the amount of the settlement is fair, adequate, and reasonable to D.F. There has not been, nor is there evidence of, collusion between the parties. This remedy is jointly proposed by the parties and does not violate any Florida or federal statute, policy, or constitution.

**WHEREFORE**, the Petitioner move this Honorable Court for approval of the settlement of the minor child's claim against Defendant and for the minor child's funds to be disbursed to

them for the benefit of the minor child, along with any further relief deemed just and appropriate under the circumstances.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned certify that on December 2, 2020, they conferred with counsel for the Defendant concerning the issues raised by this Motion. Defendant's counsel does not oppose the relief requested herein.

Respectfully submitted,

**GREGORY W. LINEBERRY (FL Bar No. 181552)**
**ALEXANDER D. NOBREGAS (FL Bar No. 1003676)**
**RONALD E. SHOLES, P.A.**
4981 Atlantic Boulevard
Jacksonville, Florida 32207
Ph: 904-309-7801  Fax: 904-721-7474
Primary Email for Eservice:
**RonSholesPA-Team1-Eservice@YouHurtWeFight.com**
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2020, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division, by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**ALEXANDER D. NOBREGAS**